# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DONALD HENSLEY, JR. (#112218)**                          **CIVIL ACTION NO.**

**VERSUS**                                                                        **21-517-SDD-SDJ**

**CHRISTOPHER HARRELL, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 25, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD HENSLEY, JR. (#112218)                CIVIL ACTION NO.

VERSUS                                        21-517-SDD-SDJ

CHRISTOPHER HARRELL, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint, as amended, of Donald Hensley, Jr., who is representing himself and is confined at the Louisiana State Penitentiary in Angola, Louisiana.[1] Based on the screening process for such complaints, it is recommended that Hensley's claims for monetary damages against Christopher Harrell and David Hueing in their official capacities be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 1915A, that supplemental jurisdiction over any state law claims be declined, and that this matter be referred back to the undersigned for consideration of Hensley's remaining claims (*i.e.*, claims for monetary damages against Harrell and Hueing in their individual capacities for the incident occurring on May 20, 2020, wherein Defendants allegedly failed to protect Hensley in violation of the Eighth Amendment).

**I.    Background**

Hensley filed suit under 42 U.S.C. § 1983 against Harrell and Hueing, alleging Defendants failed to protect him from violence at the hands of another inmate in violation of the Eighth Amendment.[2] Hensley requests monetary relief.[3]

---

[1] R. Doc. 1.
[2] R. Docs. 1 & 12.
[3] R. Doc. 1, p. 14.

## II.     Law & Analysis

### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] While the

---

[4] §1915(e) provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides a procedural mechanism for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Hensley was granted permission to proceed *in forma pauperis* on October 8, 2021 (R. Doc. 3), so both statutes apply.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.*

2

screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

### B. Hensley has Stated a Claim for Failure to Protect with the Noted Exception[13]

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates.[14] Although prison officials generally "have a duty ... to protect prisoners from violence at the hands of other inmates,"[15] "[p]rison officials are not . . . expected to prevent all inmate-on-inmate violence."[16]

"Deliberate indifference" is the standard applied in evaluating a failure to protect claim. This term has been defined as including an element of "subjective recklessness" as used in the criminal law.[17] An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk.[18] A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety

---

[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *Denton*, 504 U.S. at 33, (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).
[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[13] The only claim being pursued by Hensley is for failure to protect (R. Doc. 12, p. 8.); even if Hensley had pursued any other claim such as for filing an alleged false disciplinary report or for failure to intervene, such claims would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)and 1915A.
[14] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).
[15] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[16] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir 2003).
[17] *Farmer*, 511 U.S. at 837.
[18] *Id.*

3

only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to avoid it.[19] In other words, for there to be liability in connection with this cause of action, there must exist an intent on the part of security officers to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm.[20] The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.[21] Mere negligence or "failure to alleviate a significant risk that [the official] should have perceived but did not" are insufficient to establish a failure to protect claim.[22] Deliberate indifference requires a level of awareness of a specific risk based upon specific information, such that general knowledge of general dangerousness or the like is not enough to support a failure to protect claim.[23]

Hensley has stated sufficient facts to proceed on a claim for failure to protect. Hensley alleges that on May 20, 2020, Harrell attempted to place another inmate named Maurice in Hensley's cell.[24] Hensley allegedly notified Harrell that he did not want Maurice placed in his cell because the two had "beef."[25] Hensley further specified that Maurice had threatened Hensley's life approximately five to six months before the date of the incident.[26] Harrell activated his beeper, prompting Hueing and another officer, Hayes, to come to Hensley's cell.[27]

---

[19] *Id.* at 847.
[20] *Johnston*, 786 F.2d at 1259.
[21] *Farmer*, 511 U.S. at 837.
[22] *Id.* at 838. *See also, Domino v. Texas Dept. of Crim. Jus.*, 239 F.3d 752, 756 (5th Cir. 2001), *citing Farmer*, 511 U.S. at 838.
[23] *Walker v. Davis*, No. 17-166, 2019 WL 2465298, at *8 (E.D. Tex. Jan. 10, 2019). *See also Van Williams v. Samaniego*, No. 05-491, 2007 WL 9701460, at *3 (W.D. Tex. Feb. 22, 2007) (citation omitted) ("General knowledge about another inmate's violent tendencies, without more specific information about the risk, does not rise to the requisite level of awareness necessary for a finding of deliberate indifference.").
[24] R. Doc. 1, p. 5.
[25] R. Doc. 1, p. 5.
[26] R. Doc. 12, p. 7.
[27] R. Doc. 1, p. 5.

4

Hayes berated Harrel for activating his beeper, during which time Hueing went to Hensley's cell and asked him what was going on.[28] Hensley explained that he and Maurice had "beef," so Hensley did not want Maurice in his cell for fear of an altercation.[29] Hensley added that when Maurice previously threatened Hensley's life he told Hensley to "get something to work with when [we] see each other again."[30] Hueing proceeded to threaten Hensley by placing his hand on his bottle of chemical agents and told Hensley that Maurice had to go into Hensley's cell.[31] Hensley proceeded to tell Hueing "you would put my life in danger like that when I'm telling you that we got 'beef'."[32] Due to the threat of being sprayed with chemical agent, Hensley retreated and stated to Hueing that he could put Maurice into Hensley's cell.[33] Hensley avers that Harrell and Hueing then worked together to place Maurice into Hensley's cell.[34] According to Hensley, as soon as the last shackle was removed from Maurice, he attacked Hensley, repeatedly punching him in the face.[35] Harrell and Hueing promptly intervened and separated Hensley and Maurice.[36] Hensley suffered injuries including a bleeding nose, mouth, and under his right eye.[37] Hensley was seen by an E.M.T. and was referred to the R.E. Barrow Treatment Center for further evaluation because his eye was severely swollen.[38]

---

[28] R. Doc. 1, p. 6.
[29] R. Doc. 1, p. 6.
[30] R. Doc. 12, p. 7.
[31] R. Doc. 1, p. 6.
[32] R. Doc. 1, p. 6.
[33] R. Doc. 1, p. 6.
[34] R. Doc. 1, p. 6.
[35] R. Doc. 1, p. 6.
[36] R. Doc. 1, pp. 6-7.
[37] R. Doc. 1, p. 7.
[38] R. Doc. 1, p. 7.

The Court finds the foregoing facts sufficient to state a claim on screening.[39] Though Maurice was not on Hensley's enemy list prior to the incident,[40] he warned Harrell and Hueing that Maurice posed a threat to him and should not be placed in his cell. Accordingly, Hensley should be allowed to proceed with this claim. However, Hensley cannot state a claim for monetary relief against Defendants in their official capacities, so this claim should be dismissed. 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.[41] In addition, in *Hafer v. Melo*,[42] the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.[43] Accordingly, Plaintiff's § 1983 claims asserted against Harrell and Hueing in their official capacities for monetary damages are subject to dismissal.

### C. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Hensley seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling

---

[39] Whether Hensley has alleged sufficient facts or can prove the subjective aspect of a failure to protect claim is better left to summary judgment or a stage where qualified immunity may be considered. The Court recognizes that Hensley's admission that Harrell was frustrated because he thought Hensley was "playing games just [to] keep Maurice out [of his] cell." R. Doc. 12, p. 7. However, further consideration of this statement and how it affects Hensley's claims is better left to a later stage of litigation.
[40] R. Doc. 12, p. 5.
[41] *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).
[42] 502 U.S. 21 (1991).
[43] *Id*. at 25.

reasons. In the instant case, because the only remaining claim is for failure to protect under the Eighth Amendment, it is appropriate to decline to exercise supplemental jurisdiction over any potential state law claim because any potential state law claim based upon these facts would require a wholly different analysis than the federal claims.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over any potential state law claims, that Donald Hensley's claims for monetary damages against Christopher Harrell and David Hueing in their official capacities be **DISMISSED WITH PREJUDICE**, and that this matter be referred back to the undersigned for further proceedings on the Hensley's remaining claims (*i.e.*, claims for monetary damages against Harrell and Hueing in their individual capacities for the incident occurring on May 20, 2020).

Signed in Baton Rouge, Louisiana, on January 25, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**