UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DONALD HENSLEY, JR. (#112218)**                    **CIVIL ACTION NO.**

**VERSUS**                                                              **21-517-SDD-SDJ**

**CHRISTOPHER HARRELL, ET AL.**

### ORDER

Before the Court are five Motions: a Motion to Dismiss and a Motion to Stay Discovery filed by Defendants Christopher Harrell and David Hueing and two Motions for Leave to Amend and a Motion to Dismiss or Disregard Defendants' Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6) filed by Plaintiff Donald Hensley, Jr.[1]

The Court first addresses the second-filed Motion for Leave to Amend because disposition of this Motion resolves all other Motions.[2] The Motion is opposed.[3] Federal Rule of Civil Procedure 15(a) provides the standard by which the Court must evaluate a motion to amend pleadings. In determining whether to grant leave, a court may consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment…."[4]

In opposition of the Motion for Leave to Amend, Defendants present contradictory arguments, arguing both that the amendment is futile, and that a particular fact omitted from the

---

[1] R. Docs. 22, 23, 26, 27, & 30.
[2] R. Doc. 30. The Court does not address the first-filed Motion for Leave to Amend because, as noted by Defendants, Plaintiff failed to attach the proposed pleading to his Motion. Though Defendants also argue that R. Doc. 30 is not a motion but only the proposed memorandum, that is incorrect considering the liberal pleading standards afforded to *pro se* plaintiffs. In R. Doc. 30, Plaintiff is clearly requesting permission to file an amended complaint (R. Doc. 30, p. 1), and the amended allegations follow beginning on page two of the document.
[3] R. Doc. 32.
[4] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

proposed amended complaint "is relevant because…it could change the argument and evidence needed to refute the failure to protect claim."[5]  As pointed out by Defendants, there is a material change in the proposed amended complaint—Plaintiff's omission of his subjective perception that Harrell thought Plaintiff was "playing games" in order to not have a cellmate.[6]  The Fifth Circuit has increasingly pointed to the importance of allowing *pro se* Plaintiffs opportunities to amend prior to dismissal,[7] and emphasizing that *pro se* "complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief."[8]  It does not appear that the Motion for Leave to Amend was filed to cause delay or in bad faith—giving Plaintiff the benefit of the doubt, perhaps he merely has second guessed the speculative comment regarding Harrell's perception of the circumstances on the date of the incident.[9]  Considering the liberal construction to be given to *pro se* pleadings, along with the leniency to be provided in allowing amendments,

**IT IS ORDERED** that the Motion for Leave to Amend[10] filed by Plaintiff Donald Hensley, Jr. is **GRANTED**.  The Clerk of Court is directed to file R. Doc. 30 as an Amended Complaint—

---

[5] R. Doc. 32, pp. 3-4.  Defendants also argue that the statement regarding "playing games" is futile because Defendants did not have actual knowledge of the danger posed to Plaintiff and would be entitled to qualified immunity.  R. Doc. 32, pp. 4-5.  In both R. Doc. 32 and in the Motion to Dismiss Defendants fail to discuss the particular statements Plaintiff provided to Defendants, including that the inmate threatened Plaintiff directly, warning him that "when we see each other again [Plaintiff] better have something to work with, a knife."  R. Doc. 30, p. 3.  Plaintiff did not summarily or solely state that the inmate who eventually attacked him had "beef," as Defendants appear to argue.  Plaintiff provided more specific facts than that.  Defendants have simplified the allegations of the complaint to suit them.  Overall, the Court is unconvinced that the issues presented can be resolved on a Motion to Dismiss, as the facts indicate Plaintiff warned Defendants of the risks posed by the other inmate by alerting them to a specific threat made by the inmate to the Plaintiff.  Further, though Defendants appear to argue that Plaintiff's statements regarding the danger posed by the other inmate are insufficient to confer subjective knowledge of the threat to the Defendants, they failed to support this with any law.  R. Doc. 22.
[6] R. Docs. 30 & 32, p. 4.
[7] *See Carmouche v. Hooper*, 77 4th 362 (5th Cir. 2023) (district court must ordinarily provide opportunity to amend the complaint to remedy deficiencies).
[8] *McCollum v. Lewis*, 852 Fed.Appx. 117, 121 (5th Cir. 2021).
[9] Regardless, questions regarding Harrell's state of mind are not best resolved on a Motion to Dismiss based up on the Plaintiff's speculative allegations regarding what he perceived Harrell's thoughts on the situation to be.
[10] R. Doc. 30.

this will now be the operative complaint for this action. As a result of the filing of the Amended Complaint, the Motion to Dismiss[11] is terminated by operation of Local Rule 12.

**IT IS FURTHER ORDERED** that the Motion to Stay,[12] the first-filed Motion for Leave to Amend,[13] and the Motion to Dismiss or Disregard Defendant's Motion to Dismiss[14] are **DENIED AS MOOT** in light of the granting of the above Motion for Leave to Amend and consequent termination of the Motion to Dismiss.

Signed in Baton Rouge, Louisiana, on September 22, 2023.

*Scott Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] R. Doc. 22.
[12] R. Doc. 23.
[13] R. Doc. 26.
[14] R. Doc. 27.